1889-92A

# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| LEONARD R. WILLIAMS and ) <br> DEQUITA C. BROWN-WILLIAMS, ) <br> Plaintiffs, ) <br> v. ) <br> ) <br> SERVIS ONE, INC. d.b.a. BSI FINANCIAL ) <br> SERVICES and NOONAN & LIEBERMAN, LTD. ) <br> Defendants. ) | Case No. 17 CV 06645 <br> Honorable Rebecca R. Pallmeyer <br> Magistrate Judge Jeffrey T. Gilbert |

## BSI FINANCIAL SERVICES MOTION TO DISMISS COMPLAINT

Defendant, SERVIS ONE, INC. d.b.a. BSI FINANCIAL SERVICES ("BSI"), pursuant to Fed. R. Civ. Pro. 12(b)(6) hereby moves to dismiss Plaintiffs, LEONARD R. WILLIAMS and DEQUITA C. BROWN-WILLIAMS ("Plaintiffs"), Complaint. In support hereof, BSI states as follows:

### INTRODUCTION

Eschewing a straight narrative, Plaintiffs' complaints appear to fall into three types: 1) BSI did not have the right to bring a state court foreclosure because Plaintiffs' putative right to appeal the denial of a loan modification request had not yet expired; 2) Plaintiffs did not receive notice that their application had been denied; and 3) BSI's response to Plaintiffs' formal Request for Information ("RFI"), and to their two Notices of Error ("NOE"), were inadequate according to recently promulgated regulations under Real Estate Settlement Procedures Act ("RESPA"). For several reasons these three theories, expressed in five separate counts, fail as a matter of law.[1]

First, the Complaint fails to state a claim because Plaintiffs have not sufficiently alleged damages attributable the putative violations pled in the Complaint; a necessary predicate to bring

---

[1] Count II is directed only at Defendant, Noonan & Lieberman ("Noonan"), and is brought under the Fair Debt Collection Practices Act, 15 USC. §1692a et seq. The reasons for dismissing that count are set forth in Noonan's motion to dismiss.

a claim under RESPA. Their "pattern and practice" allegations are entirely conclusory and do not suffice to support a claim for statutory damages either.

Second, Plaintiffs' contention that BSI did not have the right to refer Plaintiffs' loan to foreclosure hangs on the single factual premise that Plaintiffs were entitled to appeal the denial of their loan modification application. They had no such right and BSI was not precluded from filing the foreclosure action when it did.

Third, the RESPA servicing rules do not require the servicer to show that the notice of the denial of a borrower's loan application be received. They merely require proof that the notice was sent which the documents attached to the Complaint abundantly demonstrate. The minor address discrepancy Plaintiffs emphasize has no impact on mail delivery.

Finally, the responses to the RFI and the NOE's, which are attached to the Complaint are complete and sufficient under the applicable RESPA rules. All the information sought that related to BSI's servicing of the loan was tendered. There is no support for Plaintiffs' contention that a servicer violates the rules by not providing servicing notes.

I.     ALLEGATIONS MADE IN THE COMPLAINT AND TO WHICH THE COURT MAY TAKE JUDICIAL NOTICE

### Plaintiffs' Request for a Loan Modification

On November 17, 2016, Plaintiffs, through their prior counsel, submitted a request for a loan modification to BSI. (Compl. [Dkt. #1] ¶ 24; Ex. 2.) Plaintiffs allege they did not receive a response to that application, but attached to the Complaint, as part of Exhibit 16, is BSI's November 26, 2016 acknowledgement of the submission and its December 20, 2016 denial of the application. (*Id*. at ¶¶ 46, 62-63; Ex. 16, Dkt#1-16, pages 4 and 6.) The acknowledgement and the response are addressed to Plaintiffs at "15526 Drexel Dolton, IL 60419" (*Id*. at ¶¶ 31, 46, 94; Ex. 16). According to Plaintiffs their actual address was "15526 Drexel *Avenue* Dolton, IL 60419" (emphasis added)

(*Id.* at ¶¶ 95, 118.) They allege they had not received either of these communications due to this discrepancy. ((*Id.* at ¶¶ 93, 116, 160).

Regardless of whether they received the November 26, 2016 acknowledgement, on December 20, 2016 BSI telephoned and faxed Plaintiffs' counsel to advise them their application was denied. (*Id.* at ¶¶ 62-63, 65; Ex. 16 page 2.) On that call, BSI also offered Plaintiffs a repayment plan which was open until December 27, 2016. (*Id.* at ¶¶ 45, 64, 65; Ex. 16.) Plaintiffs did not accept the offer and the matter was referred to Noonan who commenced foreclosure proceedings on January 3, 2017 in the Circuit Court of Cook County in an action styled McCormick 105 LLC, v. Dequita C. Brown, et al., 2017 CH 0008. ("Foreclosure") (*Id.* at ¶¶ 9, 26; Ex. 3.)

### Plaintiffs' Request for Information and Notices of Error

On March 23, 2017, pursuant to 12 CFR § 1024.36, Plaintiffs served upon BSI what they characterized as an "RFI". The request sought the "life of the loan transactional history", servicing notes, price opinions, location and other information regarding the security instruments, escrow account analyses, and the dates BSI has received a loss mitigation application from the Plaintiffs. (*Id.* at ¶ 27; Dkt # 1-8, Ex. 8.) BSI received the RFI on March 27, 2017, acknowledged receipt on April 3, 2017, and responded on May 8, 2017. (*Id.* at ¶¶ 28, 29, 30; Ex. 6, 7.) BSI's May 8, 2017 response answered all of Plaintiffs' requests except BSI did not turn over its servicing notes - on the grounds they were proprietary, confidential or privileged - or price opinions because there were none. (*Id.* Ex. 7.)

On June 23, 2017, pursuant to 12 CFR § 1024.35(b)(11), Plaintiffs sent BSI a communication captioned "Notice of Error" ("NOE #1") claiming error by BSI in responding to the RFI. (*Id.* at ¶ 36; Ex. 9.) BSI responded timely on July 5, 2017. (*Id.* at ¶ 37; Ex. 10.) A week

or so later, Plaintiffs sent BSI another purported Notice of Error ("NOE #2"). (*Id*. at ¶ 38; Ex. 110) NOE #2 alleged multiple violations of the RESPA rules including failing to acknowledge or respond to the RFI, not providing information pertaining to whether a right to appeal the denial of the loan modification existed, and authorizing the filing of the Foreclosure. (*Id*.) Through counsel, BSI responded to NOE #2 on August 24, 2017 stating, inter alia, that the RFI had been acknowledged and answered and included proof of that with its response. (*Id* at ¶ 45; Ex. 16.) It also stated that no information regarding appeal rights were provided because no appeal rights existed. (Ex. 16.)

### The State Court Foreclosure

Meanwhile, in the Foreclosure, Noonan filed a loss mitigation affidavit with the court. (*Id*. at ¶ 33; Ex. 8, Dkt# 1-8.) The affidavit averred that Plaintiffs were denied an in-house modification on December 20, 2016. (Ex. 8) The affidavit attached the December 20, 2016 written notice of Plaintiffs' denial explaining the basis of BSI's decision, which, in short was that Plaintiffs made too much money to qualify for a hardship loan modification. (*Id*.) The notice did not offer Plaintiffs an option to appeal because there was no such right under BSI's loan modification scheme for borrowers in Plaintiffs' position, *i.e.*, who do not qualify due to their high income. (*Id*.)

Plaintiffs' counsel filed an answer in the Foreclosure on August 3, 2017. (*Id*. at ¶ 41; Ex. 3.) BSI moved for summary judgment about a week later. (*Id*. at ¶ 42). The motion was supported by the loss mitigation affidavit. (Dkt. 1-8, Ex. 8.) In response, Plaintiffs argued that the loss mitigation affidavit submitted along with the mortgagee's motion for summary judgment was false. (See, Pls. Resp. MSJ <u>Exhibit A</u>, attached hereto.) Plaintiffs pointed to 12 CFR §§ 1024.41(h)(1) and (h)(2) and said that BSI was required to permit them to make an appeal within 14 days of the denial and failed to do so such that it was prohibited from filing the foreclosure

under §1024.41(f)(2). BSI demonstrated to the satisfaction of the state court that it does not allow a borrower to appeal when it denies an offer for repayment plan." (*See*, BSI Supp Afd. MSJ, Exhibit B, attached hereto.) And because appeal rights were inapplicable to Plaintiffs' situation, due to their high income and ability to pay, BSI was not required to provide notification of appeal rights that did not exist. Based on these assertions, the state court found that BSI did not violate section 1024.41(f)(2) when it initiated the Foreclosure and entered summary judgment. (*See*, Order MSJ as Exhibit C, attached hereto.)

## STANDARD ON MOTION TO DISMISS

Federal Rule of Civil Procedure 12(b)(6) provides for a motion to dismiss a complaint where the complaint fails "to state a claim upon which relief may be granted * * *". Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint, not its merits. *Gibson v. City of Chicago,* 910 F.2d 1510, 1520 (7th Cir. 1990). When considering the motion, the court construes the complaint in the light most favorable to the plaintiff, accepting all of the allegations as true and drawing all reasonable inferences in plaintiff's favor. *Tamayo v. Blagojevich,* 526 F.3d 1074, 1081 (7th Cir. 2006). Factual allegations, however, must be sufficient to state a claim to relief that is plausible on its face, rather than merely speculative. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 1965 (2007). Pleading that offers labels and conclusions or formulaic recitation of elements of cause of action will not do, nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement. *Ashcroft v. Iqbal,* 556 U.S. 662, 679, 129 S. Ct. 1937 (2009).

When considering a Rule 12(b)(6) motion to dismiss, a court can consider documents that a defendant attaches to the motion to dismiss, if the plaintiff referred to the documents in his complaint and the documents are central to his claim. *See*, *e.g.*, *Venture Assocs. Corp.* v. *Zenith*

*Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993). A court can also take judicial notice of matters of public record without converting the motion to a motion for summary judgment to avoid unnecessary proceedings when an undisputed fact in the public record establishes that the plaintiff cannot satisfy the 12(b)(6) standard. *Ennenga v. Starns*, 677 F.3d 766, 773–74 (7th Cir. 2012); *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997). Finally, a court can take judicial notice of "proceedings in other courts, both within and outside of the federal judicial system, if the proceedings have a direct relation to matters at issue." *Green v. Warden*, 699 F.2d 364, 369 (7th Cir. 1983).

## ARGUMENT

### A. Plaintiffs' RESPA claim s fail because there are no damages attributable to the alleged violations.

RESPA provides that a servicer is liable for "any actual damages to the borrower as a result of the failure" to comply with RESPA's provisions. 12 U.S.C. § 2605(f)(1)(A); *accord Hammer v. Residential Credit Sols., Inc.*, 2015 WL 7776807, at *23 (N.D. Ill. ) ("Recovery under RESPA requires more than establishing a violation; a plaintiff must suffer actual, demonstrable damages and the damages must occur 'as a result of' that specific violation."). "Failure to plead actual damages is fatal to a RESPA claim." *Lesniak v. Bank of Am., N.A.,* 169 F. Supp. 3d 766, 773 (N.D. Ill. 2015).

Plaintiffs assert that BSI's conduct has caused them to live with anxiety and stress and suffer great emotional distress caused by the fear that they would lose their home in a foreclosure. ([Dkt. 1]. ¶¶ 47, 49). They allege they had to spend money on paper, postage and legal fees to compile and send the RFI and NOE's seeking BSI's compliance with RESPA and to be reviewed for a loan modification. (*Id*. ¶ 50). They also allege in a blatant conclusory fashion that the alleged RESPA violations "are believed to be part of a pattern and practice of behavior in conscious

disregard for [sic] the Plaintiff's rights". (*Id.* ¶¶ 69, 98, 126, 152, 171). These allegations are insufficient to state a claim under RESPA.

"[E]motional distress damages are available as actual damages under RESPA." *Catalan v. GMAC Mortg. Corp.*, 629 F.3d 676, 696 (7th Cir. 2011). However, a plaintiff claiming a loss for emotional damages must also suffer a financial loss from the RESPA violation. *Aiello v. Providian Fin. Corp.,* 239 F.3d 876, 881 (7th Cir. 2001); *Golbeck v. Johnson Blumberg & Assocs.,* LLC, 2017 WL 3070868, at *10 (N.D. Ill.). Probably recognizing the necessity to tie their emotional damage claim to a financial injury, Plaintiffs allege they had to spend money on paper, postage and legal fees to "compile and send the RFI and NOE's".

These do not amount to a financial loss to sustain a claim under RESPA. These "losses" were not proximately caused by BSI's alleged failure to provide the servicing notes, failing to acknowledge or respond to the RFI, or not providing information regarding the right to appeal the denial of the loan modification existed. They were incidental to the various requests. "To permit a cause of action based on incidental costs would transform virtually all unsatisfactory borrower inquiries into RESPA lawsuits, and, in so doing, would subvert the very reason for the damages requirement in the first place." *Cf. Marais v. Chase Home Fin., LLC,* 24 F.Supp.3d 712, 727 (S.D. Ohio 2014) ("In other words, courts in this circuit and district have previously found that the costs of preparing and sending a QWR, as well as costs of filing suit to enforce RESPA, do not satisfy the actual damages requirement." (collecting cases)).

Plaintiffs do not claim they suffered any economic injury from BSI's alleged failure to "acknowledge" in writing within five days that it had received his notice of error or request for information—let alone how this delay caused actionable emotional distress. *See, Copeland v. Lehman Bros. Bank, FSB,* 2011 WL 9503, at *4 (S.D. Cal. Jan. 3, 2011) ("Plaintiff's allegations of

emotional distress fail to indicate how the alleged failure to adequately respond to the [qualified written request] caused the distress."). Critically, Plaintiffs do not allege that BSI's supposed caused them to sustain any credit damage, default related fees, or any other financial loss. *cf. Diedrich v. Ocwen Loan Servicing, LLC,* 839 F.3d 583, 590 (7th Cir. 2016) (holding that allegations that defendant's failure to provide a timely answer to the plaintiff's borrower inquiry caused plaintiffs to suffer damage to their credit were sufficient to avoid dismissal on the pleadings for standing purposes).

There is no debate that Plaintiffs were in default under their mortgage well before the alleged RESPA violations occurred; that was the reason they were requesting a loan modification. Plaintiffs cannot plausibly argue that their damages were proximately caused by the alleged RESPA violations when the "threat of losing their home" was caused by their default under the mortgage. In fact, Plaintiffs admit it was the fear of losing their home which caused them anxiety and stress, rather than the delay and alleged inadequacy of the responses they received. *See, Golbeck v. Johnson Blumberg & Assocs., LLC,* (it was the fear of losing their home that caused plaintiff's stress, not the alleged RESPA violations).

Plaintiffs' RESPA claims for statutory damages based on a "pattern or practice" of RESPA non-compliance also fail. To state such a claim, courts have required allegations sufficient to show that defendant's RESPA violations are a "standard or routine way of operating." *In re Maxwell,* 281 B.R. 101, 123 (Bankr. D. Mass. 2002) (citation omitted); *accord Renfroe v. Nationstar Mortg., LLC,* 822 F.3d 1241, 1247 (11th Cir. 2016). Other courts require allegations of violations involving other borrowers. *See, Toone v. Wells Fargo Bank, N.A.,* 716 F.3d 516, 523 (10th Cir. 2013). The Complaint does not contain these kinds of allegations; the assertion that BSI's RESPA

violations were part of a pattern or practice of non-compliance are entirely conclusory. *See*, *Golbeck v. Johnson Blumberg & Assocs., LLC, supra*.

   B. **THE RESPA CLAIMS RELATING TO THE COMMENCEMENT OF THE STATE COURT FORECLOSURE ACTION FAIL AS A MATTER OF LAW.**

As to the merits of Plaintiffs' claims, the success of Counts I and VI of the Complaint hinges on the factual predicate that BSI engaged in "dual tracking" which is prohibited by §1024.41(f). That regulation provides, in pertinent part, that it is illegal to commence a foreclosure until the servicer has sent the borrower a denial of any loss mitigation request, that the borrower is not eligible for any other loss mitigation options, and that the borrower has not requested an appeal or the appeal has been denied. 12 CFR §1024.41(f).

Plaintiffs do not dispute that their loss mitigation application had been denied or that Defendants did not send the required notice of denial. Rather, they allege that under §§1024.41(h)(1) and (h)(2) BSI was required to permit them to make an appeal within 14 days of the denial and instead proceeded directly to foreclosure. So if BSI proceeded to foreclose before the time to appeal ran, according to Plaintiff, it violated 12 CFR §1024.41(f).

While Plaintiffs are right that *if* they have appeal rights then a servicer cannot foreclose until 14 days, they are wrong in suggesting that they had appeal rights. They did not. This fact was made plain to them in response to NOE # 2 where BSI's counsel explained that "the modification denial letter did not include an appeal option because the modification option was not available to the Borrower due to high income". (*Id*. Ex. 16). This question was also raised, litigated and determined in mortgagee's favor by the state court judge in the Foreclosure. (Ex. A, B, and C).

Section 1024.41 does not require the servicer to provide an appeal right and a waiting period if the right to appeal "is inapplicable." Section 1024.41(c)(1)(ii) requires the servicer to:

> "Provide the borrower *** a notification, *if applicable*, that the borrower has the right to appeal the denial of any loan modification option as well as the amount of time the borrower has to file such an appeal and any requirements for making an appeal, as provided for in paragraph (h) of this section. 12 C.F.R. § 1024.41(c)(1)(ii) (emphasis added).

Similarly, § 1024.41(f)(2) prohibits the servicer from filing a foreclosure where the servicer denied a complete loss mitigation application, unless:

> "(i) The servicer has sent the borrower a notice pursuant to paragraph (c)(1)(ii) of this section that the borrower is not eligible for any loss mitigation option *and the appeal process in paragraph (h) of this section is not applicable*, …" 12 C.F.R. § 1024.41(f)(2) (emphasis added).

Thus, according to section 1024.41(c)(1)(ii) and 1024.41(f)(2), a servicer is not required to provide a notification of the right to appeal if such notification is inapplicable; if, for example, the servicer does not offer the right to an appeal.

This conclusion is supported by the CFPB's explanation of the qualifier, "if applicable", in the preamble to the promulgation of the servicing rules, including section 1024.41. In explaining the section-by section analysis of the final rule, the CFPB stated that:

> "*** the "if applicable" qualification in proposed § 1024.39(a) meant that servicers that do not make any loss mitigation options available to borrowers would not be required to notify borrowers that loss mitigation options may be available."

*See*, Mortgage Servicing Rules Under the Real Estate Settlement Procedures Act (Regulation X), 78 FR 10696-01 at 10791. The CFPB explanation confirms that if the servicer does not offer a right to appeal, the servicer is not required to notify the borrower that it may be available.

The evidence submitted in the Foreclosure, which was accepted by the state court judge in granting summary judgment, establishes that that BSI's notice was compliant with §1024.41(c)(1)(ii) requirements and that BSI does not provide a borrower the right to appeal when it determines that a borrower's income is higher than the threshold for a modification option. (Ex. A, B and C.). BSI also does not provide a borrower the right to appeal when it makes a borrower

an offer for repayment plan. (*Id.*) As appeal rights were inapplicable to Defendants' situation, because of their high income and their ability to pay, BSI was not obliged to provide notification of appeal rights that did not exist and it was not required to wait any amount of time before foreclosing. Accordingly, Plaintiff did not violate section 1024.41(f)(2) when it initiated the foreclosure. Plaintiffs' Counts I and VI fail as a matter of law and must be dismissed with prejudice.

### C. PLAINTIFFS' CLAIMS THAT THEY DID NOT RECEIVE NOTICES RELATING TO THEIR LOSS MITIGATION APPLICATION FAIL BECAUSE THE ADDRESS USED WAS SUFFICIENT.

The claims made in Counts III and IV relating to BSI's alleged failure to acknowledge receipt of the Plaintiff's loan modification request, and subsequent denial of their request, fail as a matter of law because the evidence attached to the Complaint substantiates the fact that these communications were timely sent.

Attached to the Complaint as Exhibit 16 is BSI's acknowledgement of the submission dated November 25, 2016. (Compl. at ¶ 46; Ex. 16). Exhibit 7 is BSI's denial of Plaintiffs request and the timely notification of that decision to Plaintiffs, and to their counsel, on December 20, 2016. (Ex. 7). These communications were addressed to Plaintiffs at the addressed: "15526 Drexel Dolton, IL 60419" (*Id*. at ¶¶ 31, 46, 94 Ex. 7, 16). But, according to Plaintiffs their actual address was "15526 Drexel *Avenue* Dolton, IL 60419" (emphasis added). (*Id* at ¶¶ 95, 118). Plaintiffs infer that the reason they did not receive the communications is that they did not include the suffix "Avenue" in the address. (*Id*. at ¶¶ 93, 116). They do not allege any other fact to allege that BSI did not send the communications.

However, the U.S. Postal Service ("USPS") Domestic Mail Manual, which is a publically available document on the USPS website, in section 602 "Addressing", paragraph 1.3 "Address Elements" shows that a suffix is not a required address element and that each notice by BSI had

the required "Address Elements" specified in section 602, paragraph 1.3.[2] Therefore, the omission of the suffix "Avenue", was not material, and did not prevent the USPS from delivering to the notices to the Plaintiffs' home address. According, Plaintiffs' Count III and IV fail as matter of law as well.

    D. **BSI DID NOT VIOLATE 12 CFR §1024.36 BECAUSE IT REASONABLY DETERMINED THAT THE SERVICING NOTES WERE EXEMPTED FROM REGULATION.**

Plaintiffs' remaining claims against BSI are found in Count V. They plead that BSI's responses to the RFI and NOE # 2 were not compliant with RESPA's servicing rules. With respect to NOE # 2, Plaintiffs allege that BSI failed to comply with the requirements of 12 CFR §1024.35(e) because it did not "perform a reasonable investigation into the alleged error" set forth in NOE #2. (*Id*. ¶ 151). A "reasonable investigation", according to Plaintiffs would have revealed they had appeal rights and it was improper to proceed to foreclosure until those rights expired. As discussed in Section B above, Plaintiffs had no such rights and BSI's "reasonable investigation" determined just that. There was therefore no violation of 12 CFR §1024.35. With respect to the contention that BSI violated section 1024.41(e) by offering them a repayment plan and not giving them 14 days, but just 7 days, to respond, there is no cause of action under 12 CFR §1024.35 because this issue was not raised in NOE # 2. So BSI cannot be held accountable for not specifically addressing the reason why only 7 days were provided in its response to the NOE#2.

---

[2] *See*, USPS Domestic Mail Manual, part, 600, section 602, paragraph 1.3 available at: https://pe.usps.com/text/dmm300/602.htm. Compare with, section 602, paragraph 1.4.2 "Complete Address Elements", which requires suffix. "Complete Address is only required on mail at some automation prices. Note also, that the revisions noted for paragraph 1.3 do not change the above conclusion. *See*, Summary of DMM changes available at: https://pe.usps.com/text/dmm300/summary_of_changes.htm; as referenced in USPS Postal Bulletin 22476, under Manuals, available at: https://about.usps.com/postal-bulletin/2017/pb22476/html/updt1_001.htm#ep1470670.

Thus, Plaintiffs failure to raise this issue in either NOEs preclude them from raising this matter as a BSI failure to respond to the NOEs.

Turning to the RFI, Plaintiffs allege it was insufficient under 12 CFR §1024.36(e) because it excluded BSI's servicing notes. (Compl. ¶ 150). As a threshold matter, for a request for information to fall within the requirements of section 2605(e) of RESPA and its implementing regulation section 12 CFR §1024.36 of Regulation X, it must be a matter "relating to the loan servicing." *Perron on behalf of Jackson v. J.P. Morgan Chase Bank, N.A.*, 845 F.3d 852, 857 (7th Cir. 2017). The term "Servicing" is a defined term, which limits the scope of the loan servicer's duty to respond. "'Servicing' means 'receiving any periodic payments from a borrower pursuant to the terms of any loan, including amounts for escrow accounts ..., and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required' by the terms of the loan." § 2605(i)(3). A qualified written request can therefore not be used to collect information about, or allege an error in, the underlying mortgage loan. (*Id.* at 857).

The RFI and Complaint show Plaintiffs' request for the servicing notes was intended to determine errors in BSI loss mitigation process. At the bottom of the letter Plaintiffs provide BSI with the definition of "complete loss mitigation application" to guide their response to the RFI. The Complaint also makes it clear that the RFI was sent in connection with Plaintiffs' loss mitigation application and BSI's denial of same. (*Id.* at Count IV in passim). But seeking information about loss mitigation is not what § 1024.36 was designed for. *See*, *Bracco v. PNC Mortgage*, 2016 WL 4507925, at *4 (M.D. Fla.) ("a request for information regarding loan modification is not related to the servicing of a loan"). The failure to provide loan modification information does not state a claim under RESPA. *See, Smallwood v. Bank of Am., N.A.*, 2015 WL

7736876, at *6 (S.D. Ohio) ("The plain language of the statute supports Defendant's position that a request relating to loan modification does not relate to scheduled payments, principal and interest, or other payments received pursuant to the terms of the … loan"); *Hudgins v. Seterus, Inc.,* 192 F. Supp. 3d 1343, 1349-51 (S.D. Fla. 2016) (holding that a request for loan modification information does not suffice to bring a claim under RESPA "if premised on a failure to comply with § 1024.36(d)(2)(i)(B) of Regulation X").

Moreover, the information which Plaintiffs contends was illegally held back was BSI's servicing notes. Servicing notes contain various communications concerning the loan, including servicer internal communications, consumer financial information, internal audits, investor communications concerning the management and profitability of the loan, communications with vendors and communication with in-house and outside counsel in connection with the loan. Production of servicing notes requires attorney review and redaction of proprietary and confidential information. Thus, in litigation when servicing notes are disclosed generally there is a protective order put in place prior to their production. *See, e.g., Piotrowski v. Wells Fargo Bank, NA*, 2015 WL 4602591, at *24 (D. Md.) (recognizing, based on the court's independent review, that servicing notes "contain confidential financial data and should remain under seal.")

Not only is much of the information in the servicing notes not related to servicing, i.e., the receipt and application of periodic payments, but § 1024.36 excuses a servicer from turning over this information. Specifically, a "servicer is not required to comply with the requirements of requirements of paragraphs (c) and (d) of this section if the servicer reasonably determines that" the information sought is (i) "duplicative", (ii) "confidential, proprietary or privileged" or (iii) "overbroad or unduly burdensome." 12 CFR §1024.36(f). "Confidential, proprietary or privileged" means "information regarding [the] management or profitability of a servicer, including

information provided to investors in the servicer" and information protected by the attorney-client privilege." *See,* Comment 1 of Official CFPB Interpretations to 12 CFR §1024.36(f)(1)(ii).

In responding to the RFI, BSI provided Plaintiffs with the full account payments history, which details the payments made by the borrower on the loan, escrow advances made by the servicer, corporate advances such as inspection, legal and property preservation fees and costs. (Ex. 7). While the servicing notes may have had some information related to servicing, the RFI was duplicative because all of the servicing information was already provided. BSI's response to the RFI fully met the requirements of 12 CFR §1024.36(f) and Plaintiffs' claims to the contrary fail as a matter of law.

## CONCLUSION

Wherefore, this Court should dismiss Plaintiffs' Complaint against BSI with prejudice pursuant to Fed.R.Civ.P.12 (b)(6) for failure to state a claim and grant BSI such other relief as this Court deems just and proper.

/s/ Solomon Maman
One of the Attorneys for BSI

James V. Noonan #6200366
Mitchell A. Lieberman #6193234
Solomon Maman #6299407
Noonan & Lieberman, Ltd.
105 W. Adams, Suite 1800
Chicago, Illinois 60603
312-431-1455
jnoonan@noonanandlieberman.com
mlieberman@noonanandlieberman.com
smaman@noonanandlieberman.com

1889-92A

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| LEONARD R. WILLIAMS and ) | |
| DEQUITA C. BROWN-WILLIAMS, ) | |
|        Plaintiffs, ) | |
|    v. ) | Case No. 17 CV 06645 |
| ) | Honorable Rebecca R. Pallmeyer |
| SERVIS ONE, INC. d.b.a. BSI FINANCIAL ) | Magistrate Judge Jeffrey T. Gilbert |
| SERVICES and NOONAN & LIEBERMAN, LTD. ) | |
|        Defendants. ) | |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that true and correct copies of the foregoing BSI FINANCIAL SERVICES MOTION TO DISMISS COMPLAINT was served by electronic filing with the clerk of the Court (ECF) on the following parties or their attorneys:

    Marc Edward Dann
    The DannLaw Firm Co. Lpa
    P.O. Box 603104
    Cleveland, OH 44103
    notices@dannlaw.com

    Rusty A. Payton
    Dann Law
    115 S. LaSalle Street, Suite 2600
    Chicago, IL 60603
    payton@paytondann.com

on November 15, 2017.                                            Respectfully submitted,

                                                                                /s/ Solomon Maman_____
                                                                                One of the Attorneys for Defendants

James V. Noonan #6200366
Mitchell A. Lieberman #6193234
Solomon Maman #6299407
Noonan & Lieberman, Ltd.
105 W. Adams, Suite 1800
Chicago, Illinois 60603
312-431-1455
jnoonan@noonanandlieberman.com
mlieberman@noonanandlieberman.com
smaman@noonanandlieberman.com