IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| LEONARD R. WILLIAMS and | ) | |
| DEQUITA C. BROWN-WILLIAMS, | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. 17 CV 06645 |
| | ) | Honorable Rebecca R. Pallmeyer |
| SERVIS ONE, INC. d.b.a. BSI FINANCIAL | ) | Magistrate Judge Jeffrey T. Gilbert |
| SERVICES and NOONAN & LIEBERMAN, LTD. | ) | |
| Defendants. | ) | |

### NOONAN & LIEBERMAN MOTION TO DISMISS COMPLAINT

Defendant, NOONAN & LIEBERMAN, LTD ("Noonan"), pursuant to Fed. R. Civ. Pro. 12(b)(6) hereby moves to dismiss Plaintiffs, LEONARD R. WILLIAMS and DEQUITA C. BROWN-WILLIAMS ("Plaintiffs"), Complaint[1]. In support hereof, Defendant states as follows:

### INTRODUCTION

Plaintiffs' Complaint against Noonan is a disturbing and continuing trend in consumer litigation where attorneys become the target of an FDCPA complaint simply for representing a party in a state court proceeding; in this case, a mortgagee in state foreclosure proceeding. The basis for the allegation against Noonan is a legal disagreement between the Plaintiffs and another defendant in this case, SERVIS ONE, INC. d.b.a. BSI FINANCIAL SERVICES ("BSI"), concerning compliance with loss mitigation process and its responses to request for information ("RFI") and notices of error (each "NOE") under the federal Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601, *et. seq.* ("RESPA"), and its implementing Regulation X 12 C.F.R. §§ 1024.1, *et seq.* A disagreement that the state court has concluded in favor of BSI, when it granted

---

[1] Plaintiffs complaint against Noonan is brought under Count II. The remaining five counts are directed against BSI. The reasons for dismissing the remaining five counts are set forth in BSI's motion to dismiss.

summary judgment to the mortgagee in the foreclosure case and rejected Plaintiffs' arguments that BSI did not comply with its loss mitigation obligation and was prohibited from filing the foreclosure. The Complaint here alleges that simply by continuing to represent the mortgagee in the foreclosure, while knowing that Plaintiffs disagreed with BSI based on the NOEs, Noonan acted unconscionably in violation of the FDCPA. However, continuing representation of a client in a state court proceeding is not a violation of the FDPCA. This is not what the FDCPA is aimed to protect from. Plaintiffs failed to state an FDCPA claim as a matter of law and their Complaint must be dismissed with prejudice.

I. **ALLEGATIONS MADE IN THE COMPLAINT AND TO WHICH THE COURT MAY TAKE JUDICIAL NOTICE**

### Plaintiffs' Request for a Loan Modification

On November 17, 2016, Plaintiffs, through their prior counsel, submitted a request for a loan modification to BSI. (Compl. [Dkt. #1] ¶ 24; Ex. 2.) Plaintiffs allege they did not receive a response to that application, but attached to the Complaint, as part of Exhibit 16, is BSI's November 26, 2016 acknowledgement of the submission and its December 20, 2016 denial of the application. (*Id.* at ¶¶ 46, 62-63; Ex. 16, Dkt#1-16, pages 4 and 6.) The acknowledgement and the response are addressed to Plaintiffs at "15526 Drexel Dolton, IL 60419" (*Id*. at ¶¶ 31, 46, 94; Ex. 16). According to Plaintiffs their actual address was "15526 Drexel *Avenue* Dolton, IL 60419" (emphasis added) (*Id.* at ¶¶ 95, 118.) They allege they had not received either of these communications due to this discrepancy. ((*Id*. at ¶¶ 93, 116, 160).

Regardless of whether they received the November 26, 2016 acknowledgement, on December 20, 2016 BSI telephoned and faxed Plaintiffs' counsel to advise them their application was denied. (*Id*. at ¶¶ 62-63, 65; Ex. 16 page 2.) On that call, BSI also offered Plaintiffs a repayment plan which was open until December 27, 2016. (*Id*. at ¶¶ 45, 64, 65; Ex. 16.) Plaintiffs

did not accept the offer and the matter was referred to Noonan who commenced foreclosure proceedings on January 3, 2017 in the Circuit Court of Cook County in an action styled McCormick 105 LLC, v. Dequita C. Brown, et al., 2017 CH 0008. ("Foreclosure") (*Id*. at ¶¶ 9, 26; Ex. 3.)

**Plaintiffs' Request for Information and Notices of Error**

On March 23, 2017, pursuant to 12 CFR § 1024.36, Plaintiffs served upon BSI what they characterized as an "RFI". The request sought the "life of the loan transactional history", servicing notes, price opinions, location and other information regarding the security instruments, escrow account analyses, and the dates BSI has received a loss mitigation application from the Plaintiffs. (*Id*. at ¶ 27; Dkt # 1-8, Ex. 8.) BSI received the RFI on March 27, 2017, acknowledged receipt on April 3, 2017, and responded on May 8, 2017. (*Id*. at ¶¶ 28, 29, 30; Ex. 6, 7.) BSI's May 8, 2017 response answered all of Plaintiffs' requests except BSI did not turn over its servicing notes - on the grounds they were proprietary, confidential or privileged - or price opinions because there were none. (*Id*. Ex. 7.)

On June 23, 2017, pursuant to 12 CFR § 1024.35(b)(11), Plaintiffs sent BSI a communication captioned "Notice of Error" ("NOE #1") claiming error by BSI in responding to the RFI. (*Id*. at ¶ 36; Ex. 9.) BSI responded timely on July 5, 2017. (*Id*. at ¶ 37; Ex. 10.) A week or so later, Plaintiffs sent BSI another purported Notice of Error ("NOE #2"). (*Id*. at ¶ 38; Ex. 110) NOE #2 alleged multiple violations of the RESPA rules including failing to acknowledge or respond to the RFI, not providing information pertaining to whether a right to appeal the denial of the loan modification existed, and authorizing the filing of the Foreclosure. (*Id*.) Through counsel, BSI responded to NOE #2 on August 24, 2017 stating, inter alia, that the RFI had been acknowledged and answered and included proof of that with its response. (*Id* at ¶ 45; Ex. 16.) It

also stated that no information regarding appeal rights were provided because no appeal rights existed. (Ex. 16.)

**The State Court Foreclosure**

Meanwhile, in the Foreclosure, Noonan filed a loss mitigation affidavit with the court. (*Id*. at ¶ 33; Ex. 8, Dkt# 1-8.) The affidavit averred that Plaintiffs were denied an in-house modification on December 20, 2016. (Ex. 8) The affidavit attached the December 20, 2016 written notice of Plaintiffs' denial explaining the basis of BSI's decision, which, in short was that Plaintiffs made too much money to qualify for a hardship loan modification. (*Id*.) The notice did not offer Plaintiffs an option to appeal because there was no such right under BSI's loan modification scheme for borrowers in Plaintiffs' position, *i.e.*, who do not qualify due to their high income. (*Id*.)

Plaintiffs' counsel filed an answer in the Foreclosure on August 3, 2017. (*Id*. at ¶ 41; Ex. 3.) BSI moved for summary judgment about a week later. (*Id*. at ¶ 42). The motion was supported by the loss mitigation affidavit. (Dkt. 1-8, Ex. 8.) In response, Plaintiffs argued that the loss mitigation affidavit submitted along with the mortgagee's motion for summary judgment was false. (See, Pls. Resp. MSJ <u>Exhibit A</u>, attached hereto.) Plaintiffs pointed to 12 CFR §§ 1024.41(h)(1) and (h)(2) and said that BSI was required to permit them to make an appeal within 14 days of the denial and failed to do so such that it was prohibited from filing the foreclosure under §1024.41(f)(2). BSI demonstrated to the satisfaction of the state court that it does not allow a borrower to appeal when it denies an offer for repayment plan." (*See*, BSI Supp Afd. MSJ, <u>Exhibit B</u>, attached hereto.) And because appeal rights were inapplicable to Plaintiffs' situation, due to their high income and ability to pay, BSI was not required to provide notification of appeal rights that did not exist. Based on these assertions, the state court found that BSI did not violate

section 1024.41(f)(2) when it initiated the Foreclosure and entered summary judgment. (*See*, Order MSJ as Exhibit C, attached hereto.)

**STANDARD ON MOTION TO DISMISS**

Federal Rule of Civil Procedure 12(b)(6) provides for a motion to dismiss a complaint where the complaint fails "to state a claim upon which relief may be granted * * * ". Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint, not its merits. *Gibson v. City of Chicago,* 910 F.2d 1510, 1520 (7th Cir. 1990). When considering the motion, the court construes the complaint in the light most favorable to the plaintiff, accepting all of the allegations as true and drawing all reasonable inferences in plaintiff's favor. *Tamayo v. Blagojevich,* 526 F.3d 1074, 1081 (7th Cir. 2006). Factual allegations, however, must be sufficient to state a claim to relief that is plausible on its face, rather than merely speculative. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 1965 (2007). Pleading that offers labels and conclusions or formulaic recitation of elements of cause of action will not do, nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement. *Ashcroft v. Iqbal,* 556 U.S. 662, 679, 129 S. Ct. 1937 (2009).

When considering a Rule 12(b)(6) motion to dismiss, a court can consider documents that a defendant attaches to the motion to dismiss, if the plaintiff referred to the documents in his complaint and the documents are central to his claim. *See*, *e.g.*, *Venture Assocs. Corp.* v. *Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993). A court can also take judicial notice of matters of public record without converting the motion to a motion for summary judgment to avoid unnecessary proceedings when an undisputed fact in the public record establishes that the plaintiff cannot satisfy the 12(b)(6) standard. *Ennenga v. Starns*, 677 F.3d 766, 773–74 (7th Cir.2012); *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997). Finally, a

court can take judicial notice of "proceedings in other courts, both within and outside of the federal judicial system, if the proceedings have a direct relation to matters at issue." *Green v. Warden*, 699 F.2d 364, 369 (7th Cir. 1983).

## ARGUMENT

### A. NOONAN CONTINUED REPRESENTATION IN THE FORECLOSURE PROCEEDING IS NOT UNCONSCIONABLE MEANS OF DEBT COLLECTION IN VIOLATION OF THE FDCPA.

Noonan did not act unconscionably in violation of the FDCPA because continuing to represent a mortgagee in a state court Foreclosure proceeding is not an unconscionable mean to collect a debt in violation of section 1692f of the FDCPA. Plaintiffs' complaint alleges that Noonan continued to represent the mortgagee in the Foreclosure despite knowing that Plaintiffs had sent the RFI, the NOE#1 and NOE#2 to BSI. Compl. Dkt. 1, ¶¶ 68-70. They claim that continued representation by Noonan, under such circumstances, constituted "dual tracking" prohibited by RESPA and unconscionable means to collect a debt under section 1692f of the FDCPA. *Id.* ¶¶ 70-72. However, simply representing a client in a "state judicial proceeding [is] outside the scope of § 1692f" of the FDCPA. *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470, 475 (7th Cir. 2007); *Bentrud v. Bowman, Heintz, Boscia & Vician, P.C.*, 794 F.3d 871, 875 (7th Cir. 2015).

In *Beler*, the Seventh Circuit held that section 1692f of the FDCPA is not "an enforcement mechanism for other rules of state and federal law. This is not a piggyback jurisdiction clause." *Beler*, 480 F.3d at 474. It went on to explain that "[i]f the Law Firm violated the Social Security Act, that statute's rules should be applied. Likewise if the Law Firm violated Illinois law." *Id.* Earlier this year, the Seventh Circuit Court affirmed its holding in *Beler*.

In *Bentrud*, the plaintiff filed an FDCPA claim, under section 1692f, against the defendant, a law firm representing a creditor, alleging that defendant's action of moving forward with

litigation in state court and filing a summary judgment was unconscionable under section 1692f of the FDCPA because the plaintiff and creditor's contract called for arbitration. Relying on its decision in *Beler*, the Seventh Circuit rejected plaintiff's claims finding that the defendant's action did not constitute unconscionable conduct within the meaning of the FDCPA. And in the Court's own words: "we very much doubt that a state court motion for summary judgment—filed to collect an overdue credit card debt—could qualify as an unfair or unconscionable act under the FDCPA." *Bentrud*, 794 F.3d at 875. The Court echoed its decision in *Beler* stating that "[t]he FDCPA is not an enforcement mechanism for matters governed elsewhere by state and federal law. But that is what [plaintiff] is attempting to do here; he seeks to transform the FDCPA into an enforcement mechanism for the arbitration provision in his credit card agreement." *Id.*

Acknowledging that in the state court litigation, which plaintiff complained about, the state court entered an order dissolving the arbitration clause within a certain period of time, the Seventh Circuit explained that "[a] contrary ruling would require us to declare that adherence to an arbitration provision in a contract, even in the face of a state court order to the contrary, is essential to fair debt collection. This we will not do." *Id.* The Court further elucidated that "prudential considerations compel" their holding. *Id.*

Similar to *Beler* and *Bentrud*, the Plaintiffs here claim that by continuing representation in the state court Foreclosure, Noonan violated RESPA prohibition on "dual tracking" which action is unconscionable means to collect a debt under section 1692f of the FDCPA. Thus, the Plaintiffs here, as the plaintiffs in *Beler* and *Bentrud¸* are also trying to transform the FDCPA into an enforcement mechanism for RESPA. However, this they cannot do. The Plaintiffs are also asking this court to ignore the state court grant of summary judgment and finding that BSI complied with its loss mitigation requirements and that the initiating of the Foreclosure was not prohibited by

law. Prudential consideration compel against such ruling by this Court. Plaintiffs FDCPA claim fails as a matter of law. In adherence to the decisions in *Beler* and *Bentrud*, this Court must dismiss the Plaintiffs' Complaint against Noonan with prejudice.

### B. FDCPA CLAIM FAILS BECAUSE THE FILING OF THE FORECLOSURE WAS NOT AN ATTEMPT TO COLLECT A DEBT.

The Plaintiffs' FDCPA claim fails as a matter of law for another reason, namely, because filing the Foreclosure was not an attempt to collect a debt. To bring a successful FDCPA claim, the plaintiff must show: 1) that defendant was a debt collector; 2) that there was an attempt to collect a debt; and 3) the collection practice was abusive or unfair as defined under the FDCPA. *Isaacson v. Saba Comm. Servs. Corp.*, 606 F.Supp.2d 722, 724 (N.D.Ill. 2009). The FDCPA defines debt as an "obligation *** of a consumer to pay money," §1692a(5), and it imposes liability only when an entity is attempting to collect "debt," *see* §§1692e, 1692f; *Ho v. ReconTrust Co., NA*, 840 F.3d 618, 621 (9th Cir. 2016). While there is some disagreement as to whether an attempt to enforce a security interest is an attempt to collect a debt to which the FDCPA applies, the majority of jurisdictions have held that foreclosure activities do not constitute collection under the FDCPA. See *Vien-Phuong Thi Ho v. ReconTrust Co., NA,* 858 F.3d 568 (9th Cir. 2016) (addressing the majority view that foreclosure is not debt collection under the FDCPA); *Compare, Aurora Loan Servs., LLC* v. *Kmiecik*, 372 Ill.Dec. 586, 992 N.E.2d 125, 134 (Ill.App.2013) ("The minority view taken is that the act of foreclosing on a mortgage is the collection of a debt according to the FDCPA.").

The Seventh Circuit has not yet weighed in on the question. But the Ninth Circuit has and recently explained the rationale underlying the majority rule. "[F]or the purposes of the FDCPA, the word 'debt' is synonymous with 'money,'" and an attempt to enforce a security interest is not, by itself, an attempt to collect money but an attempt to obtain property; therefore, an attempt to

enforce a security interest such as foreclosing on a mortgage is not an attempt to collect a "debt" within the meaning of the FDCPA. *Ho*, 840 F.3d at 621. The threat of the action to enforce the security interest may induce a debtor to pay, the Court explained, but that does not make the action an attempt to collect a debt:

> The prospect of having property repossessed may, of course, be an inducement to pay off a debt. But that inducement exists by virtue of the lien, regardless of whether foreclosure proceedings actually commence. The fear of having your car impounded may induce you to pay off a stack of accumulated parking tickets, but that doesn't make the guy with the tow truck a debt collector. *Id.*

Thus, a mortgage foreclosure proceeding is not an attempt to collect a debt. *Aurora Loan Servs., LLC* v. *Kmiecik*, *supra*. See also, *Hahn v. Anselmo Lindberg Oliver LLC*, 2017 WL 1196955, at *3 (N.D. Ill.) (relying on *Ho* and finding that a "foreclosure, *per se*, is not designed to collect money from the consumer who owed the debt, but from whoever purchases the property the consumer had pledged as collateral. *** The money that a foreclosure ultimately generates is therefore not 'debt' within the meaning of the FDCPA.").

Accordingly, the state court Foreclosure proceeding is not an attempt to collect a debt under the FDCPA. Since the sole basis of Plaintiffs' FDCPA claim against Noonan is its continued representation of the mortgagee in the state court Foreclosure proceeding, Noonan's "action" is not part of an attempt to collect a debt within the meaning of the FDCPA. Thus, Plaintiffs failed to state a claim under the FDCPA as a matter of law and their Complaint against Noonan must be dismissed with prejudice.

### C. PLAINTIFFS' FDCPA CLAIM FAILS BECAUSE BSI DID NOT VIOLATE RESPA IN INITIATING THE FORECLOSURE.

If the above arguments not enough for dismissal, Noonan hereby adopts and incorporates by this reference the motion to dismiss filed by BSI and specifically the arguments raised therein (the "Motion"). Applying such arguments to Plaintiffs' claim against Noonan, BSI's Motion shows

that BSI did not violate RESPA in initiating the Foreclosure. BSI's position was upheld by the state court in the Foreclosure with the grant of summary judgment over Plaintiffs' objection, all of which are public records and of which this Court can take judicial notice on a motion to dismiss. BSI's Motion also show that BSI did not violate RESPA in its responses to Plaintiffs RFI and NOEs. As such, since Plaintiffs' claim under section 1692f of the FDCPA is predicated on the alleged violation of RESPA, based on the Motion's arguments showing that BSI did not violate RESPA, Plaintiffs failed to state a claim against Noonan under the FDCPA. Accordingly, this Court must dismiss the Plaintiffs' Complaint against Noonan with prejudice.

## CONCLUSION

Wherefore, this Court should dismiss Plaintiffs' Complaint against Noonan with prejudice pursuant to Fed.R.Civ.P.12 (b)(6) for failure to state a claim and grant Noonan such other relief as this Court deems just and proper.

/s/ Solomon Maman
One of the Attorneys for Noonan

James V. Noonan #6200366
Mitchell A. Lieberman #6193234
Solomon Maman #6299407
Noonan & Lieberman, Ltd.
105 W. Adams, Suite 1800
Chicago, Illinois 60603
312-431-1455
jnoonan@noonanandlieberman.com
mlieberman@noonanandlieberman.com
smaman@noonanandlieberman.com

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| LEONARD R. WILLIAMS and ) <br> DEQUITA C. BROWN-WILLIAMS, ) <br>               Plaintiffs, ) <br>   v.                          ) <br>                           ) <br> SERVIS ONE, INC. d.b.a. BSI FINANCIAL ) <br> SERVICES and NOONAN & LIEBERMAN, LTD. ) <br>               Defendants. ) | Case No. 17 CV 06645 <br> Honorable Rebecca R. Pallmeyer <br> Magistrate Judge Jeffrey T. Gilbert |

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that true and correct copies of the foregoing NOONAN & LIEBERMAN MOTION TO DISMISS COMPLAINT was served by electronic filing with the clerk of the Court (ECF) on the following parties or their attorneys:

    Marc Edward Dann
    The DannLaw Firm Co. Lpa
    P.O. Box 603104
    Cleveland, OH 44103
    notices@dannlaw.com

    Rusty A. Payton
    Dann Law
    115 S. LaSalle Street, Suite 2600
    Chicago, IL 60603
    payton@paytondann.com

on November 15, 2017.

                                                                  Respectfully submitted,

                                                                   /s/ Solomon Maman_____
                                                                   One of the Attorneys for Defendants

James V. Noonan #6200366
Mitchell A. Lieberman #6193234
Solomon Maman #6299407
Noonan & Lieberman, Ltd.
105 W. Adams, Suite 1800
Chicago, Illinois 60603
312-431-1455
jnoonan@noonanandlieberman.com
mlieberman@noonanandlieberman.com
smaman@noonanandlieberman.com